**Delbert Henry WITT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22983.**

United States Court of Appeals Ninth Circuit.

Aug. 6, 1969.

Rehearing Denied Sept. 16, 1969.

Philip M. Haggerty (argued), and Murray Miller, Phoenix, Ariz., for appellant.

Morton Sitver (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Phoenix, Ariz., for appellee.

Before DUNIWAY and CARTER, Circuit Judges, and CROCKER,* District Judge.

JAMES M. CARTER, Circuit Judge:

Appellant was convicted on two counts of a three count indictment charging violations of 18 U.S.C. § 1010, knowingly making a false statement to secure a Federal Housing Administration (FHA) insured loan. Appellant asserts several procedural and evidentiary errors. We affirm.

The case below turned on appellant's wrongful intent at the time of obtaining two FHA insured loans. It is undisputed that he did not make any substantial effort to apply the funds to the home improvement purposes stated in his applications. Appellant contended that a series of personal and economic misfortunes thwarted his good intentions. The Government contended that the prompt transfer of the loaned funds from a personal account to a business account indicated the necessary wrongful intent at the time of application for the loans.

Appellant makes five contentions on appeal.

## I

■ Appellant contends the trial court permitted improper cross-examination of him as a witness concerning ownership of a private airplane. He had listed the aircraft on a collateral statement given as part of the loan application. The Government challenged appellant's statement of ownership. Appellant maintains that this impermissibly put in issue the

separate crime of making a false statement on a loan application. The cross-examination was relevant on the general issue of intent. Moreover, appellant failed to object at trial.

## II

■ Appellant next challenges the refusal of the trial court to grant a continuance of the trial to allow a substituted defense counsel time to prepare. Appellant concedes that rulings on motions for continuance are within the sound discretion of the trial judge. This court will not disturb his decision unless a clear abuse appears. Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Torres v. United States, 270 F.2d 252 (9 Cir. 1959), cert. denied 362 U.S. 921, 80 S.Ct. 675, 4 L.Ed.2d 741 (1960). The facts of the case show no such abuse.

## III

■ Appellant claims prejudice resulting from an alleged prosecution suggestion in closing argument, that the appellant's acts had cost the FHA, and through it the taxpayers, monetary losses. In fact, appellant maintains, there was no proof that the FHA had borne any loss. While in certain circumstances a "pocketbook appeal" may be impermissible, we find appellant's argument without merit. Even if the jury had taken isolated statements of the prosecutor out of context, the entirety of the closing argument made it clear that the prosecution did not contend the FHA had suffered a loss.

## IV

■ Appellant challenges the deletion of the original second count of the indictment in the presence of the jury. His theory is that mention of this additional count prejudiced him in the same fashion as would evidence of past crimes. The record shows that no objection was made to the deletion of this count at trial. Had count II been dismissed after the Govern-

* Hon. Myron D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

ment presented its case, we cannot see where there would have been error. If the count had been dismissed prior to trial, the jury would have perceived they were required to vote on counts I and III and that count II was not before them. We cannot perceive how this would have been error.

The sole case cited in support of appellant's position is Bowie v. United States, 345 F.2d 605 (9 Cir. 1965). The case does not concern dismissal of other counts. Bowie's narcotic convictions were reversed for prejudice resulting from a reference to an unrelated arrest of Bowie for a narcotic offense. Here, count II charged a false statement allegedly made on the same day as the false statement in count III.

There is no merit to the contention.

### V

Appellant finally challenges the Court's instructions on circumstantial evidence and reasonable doubt. The instructions given were customary ones in this Circuit.

No objection to the instructions was made. There was no error or prejudice to appellant. There was certainly no plain error under Rule 52(b) Fed.Rules of Crim.Procedure.

The judgment is Affirmed.