**UNITED STATES of America, Appellee,**

v.

**Frank RUIZ, Appellant.**

**No. 25744.**

United States Court of Appeals, Ninth Circuit.

May 3, 1971.

Barry Tarlow (argued), Los Angeles, Cal., for appellant.

Irving Prager (argued), Asst. U. S. Atty., David R. Nissen, Chief, Criminal Div., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and TRASK, Circuit Judges.

PER CURIAM:

Frank Ruiz appeals from his conviction of possessing a depressant or stimulant drug (22,000 amphetamine tablets) on September 3, 1969, in violation of section 301(q) (3) of the Federal Food, Drug and Cosmetic Act, added by section 5 of the Drug Abuse Control Amendments of 1965, Pub.L.No.89–74, 79 Stat. 226, 232 (count 7), and of selling and delivering the same drug to Walter Erhorn on the same day, in violation of section 301(q) (2) of the same Act, added by section 5 of the 1965 Act (count eight).[1]

On appeal, Ruiz first argues that the district court erred by summarily denying defendant a motion for a continuance, made at the outset of the trial, so that he could employ retained counsel to replace his then appointed counsel. Having in view all of the circumstances of this case, we do not believe the trial court abused its discretion in summarily denying this motion.

Defendant next argues that the evidence is insufficient to establish the possession charge set out in count 7. In our view, however, the evidence supporting the conviction on this count was adequate.

Defendant contends that there was no probable cause for his warrantless arrest or the subsequent warrantless search of the trunk of the automobile in which he was a passenger.

On the evening of September 3, 1969, Ruiz was a passenger in an automobile being driven by Marcelino Andrade. Samuel D. Ozment, an agent of the Federal Bureau of Narcotics and Dangerous Drugs, who then had the vehicle under surveillance, stopped the automobile and placed defendant and Andrade under arrest. Ozment then searched the trunk of the automoible and found the drugs.

Under section 702(e) (4) of the Federal Food, Drug, and Cosmetic Act, added by section 8(a) of the Drug Abuse Control Amendments of 1965, Pub.L.No. 89–74, 79 Stat. 226, 234,[2] Agent Ozment had authority to arrest defendant without a warrant for the described offenses, which are felonies, if he had probable cause to believe that defendant had committed, or was then committing such offenses. The search and seizure were incident to that arrest. Under all of the circumstances which here existed, we agree with the trial court that Agent Ozment had probable cause to make the arrests.

Finally, defendant urges us to hold the evidence inadequate to sustain his conviction on the count eight charge.

The trial court imposed concurrent sentences on the two counts. As indicated above, we have determined that the count seven conviction is fully sustainable. We are not convinced that the conviction under count eight entails for defendant collateral legal consequences which will add to the prejudice resulting from his conviction under count seven. Nor is there any indication that his conviction under count eight tainted his conviction on the other count. Accordingly, and as a matter of judicial convenience, we hold that it is unnecessary to consider defendant's challenge to the sufficiency of the evidence to support the conviction on count eight. *See* Benton v. Maryland, 395 U.S. 784, 790–791, 89 S. Ct. 2056, 23 L.Ed.2d 707 (1969).

Affirmed.

1. Section 301(q) was subsequently repealed by section 701(a) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L.No.91–513, 84 Stat. 1236, 1281. However, under section 702(a) of the latter Act, pending prosecutions were saved.

2. Section 702(e) (4) was subsequently amended in pertinent part by section 701 (f) of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L.No.91–513, 84 Stat. 1236, 1282. The savings clause described above applies here as well.