**UNITED STATES of America, Appellee,**

v.

**Maxie Dale HOWARD, Appellant.**

**No. 26815.**

United States Court of Appeals, Ninth Circuit.

July 6, 1971.

---

Charles M. Giles, of Barber, Haralson, Giles & Moore, Tucson, Ariz., for appellant.

Richard K. Burke, U. S. Atty., James M. Wilkes, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before HAMLEY, ELY and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

Maxie Dale Howard appeals from his conviction for perjury, entered on a jury verdict. He here challenges the sufficiency of the evidence to support the conviction, the admissibility of certain items of evidence and certain of the instructions to the jury. We hold the evidence presented by the Government insufficient to support the conviction and therefore reverse without reaching the other issues presented by defendant.

Freddie McKinley Smith was tried in a federal district court for violation of the Dyer Act. During the course of that trial, Howard testified under oath that he (Howard) had signed an Avis rental agreement covering the car in question, presenting as identification a Tennessee driver's license issued in the name of Thomas Hayes. The perjury indictment charged that this testimony was false in that Howard had not rented the car.

At the perjury trial, Mrs. Jansilyn Huff, an employee of Avis at the time of the relevant events, testified that she had rented the automobile involved in the Dyer Act charge. She testified that she rented the car to a man about forty, five feet nine, with reddish-blond hair and a southern accent, and that this man had signed the rental agreement. She testified that the renter was accompanied by another man, younger, in his twenties, shorter and with dark hair. Mrs. Huff identified two persons in the courtroom, and pointed out defendant as the renter's companion.

Under the general rule pertaining to perjury, it was necessary for the Government to produce corroborative evidence substantiating this direct evidence of perjury. The jury alone decides whether to accept such substantiating evidence as true. Weiler v. United States, 323 U.S. 606, 610, 65 S.Ct. 548, 89 L.Ed. 495 (1945). The corroborative evidence need not be independently sufficient to prove guilt, Arena v. United States, 226 F.2d 227, 234, 236 (9th Cir. 1955), and may be circumstantial in character. Vuckson v. United States, 354 F.2d 918, 920 (9th Cir.1966).

The Government points to several items of evidence it contends provide corroboration of the direct testimony sufficient to let the case go to the jury. We have examined all of the evidence thus brought to our attention, but, in our opinion, only two items have a sufficient tendency to substantiate the direct testimony to warrant discussion.

First, four days after the rental transaction Officer Olson stopped an automobile in Arizona. Defendant was driving and Smith was the passenger.

Upon request from Olson, defendant produced his social security card for identification and Smith produced the Thomas Hayes driver's license and recited an address that matched that on the license. Olson testified that he released Smith because the description on the license was close to Smith's appearance so that there was no cause for suspicion. Defendant was taken into custody.

Second, the testimony of FBI agent Coy Copeland is urged as corroboration. Copeland interviewed defendant after he was in custody. Defendant stated at that interview that he had purchased the automobile, knowing it was "hot," for one hundred dollars from a stranger in a bar on Madison Avenue in Chicago. Defendant claimed he had later found the rental agreement in the glove compartment.

In our opinion neither of these items of evidence, if believed by the jury, tends to substantiate the direct testimony of Mrs. Huff that defendant did not rent the automobile from Avis.

The evidence that Smith possessed the false identification four days after the rental transaction does not tend to establish an inference that he possessed it at the earlier time. It is as probable that defendant and Smith were sharing custody of the false identification as that Smith had possessed and used it on both relevant occasions.

Mrs. Huff had testified that the man who rented the car had presented a Tennessee driver's license in the name of Thomas Hayes when she requested identification. She did not recall if he took it from his wallet. Mrs. Huff did not rely on the correspondence between the description on the driver's license and the appearance of the renter in finalizing the rental transaction. She did not recall what the description was. Officer Olson testified that he had not compared the license description with defendant's appearance. The license itself was not introduced as evidence. In this state of the record, the crucial facts necessary to give rise to the substantiating inference are simply not present.

Finally, defendant's attempt at exculpation by his statement to agent Copeland that he had purchased the car gives rise in this situation only to an inference of consciousness of guilt. That guilt is equally consistent with defendant's rental of the car and his later conversion of it, and with merely intentionally accompanying and aiding another who did so.

We have examined the entire record and find no other evidence supplying the necessary corroboration.

The judgment of conviction is reversed with directions to dismiss the indictment.