**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wyant John LaMONT, Defendant-
Appellant.**

**No. 71–1063.**

United States Court of Appeals,
Ninth Circuit.

Aug. 23, 1971.

Richard G. Sherman, Richard T. Sykes, Encino, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Richard H. Kirschner, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Appellant LaMont was convicted on two counts charging unlawful transfer of firearms in violation of 26 U.S.C. § 5861(e) and a third count charging him with unlawful possession of firearms in violation of 26 U.S.C. § 5861(d). Concurrent eighteen-month sentences were imposed on each of the three counts. We affirm.

On appeal, LaMont's initial contention is that the district court abused its discretion when it refused to grant a continuance sought by counsel because of his allegedly busy schedule. Defendant and his counsel were given six weeks advance notice of the trial date. Three weeks before trial they were admonished that there would be no continuance. Counsel had more than adequate time to prepare for trial.

Moreover there is no suggestion that the denial of the continuance actually resulted in prejudice to the appellant at trial. We find no abuse of discretion. *See* Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Witt v. United States, 414 F.2d 604 (9th Cir. 1969). Appellant's reliance on Everitt v. United States, 281 F.2d 429 (5th Cir. 1960) is misplaced. There, the court-appointed counsel had less than one day to prepare for a complex trial. Here, counsel had more than six weeks.

Appellant's other contention is that the proof was insufficient to establish unlawful possession under count 3 in view of the fact that the firearms in question were registered to his employer, Cadmus Industries.

Cadmus was licensed to conduct a firearms business only at one business

**1312**

location, pursuant to 26 C.F.R. § 178.50. A license under that section is valid only at the address specified therein.

The home of appellant, to which he had removed the automatic weapons, was not licensed or registered as a Cadmus place of business. The district court ruled that the Cadmus dealer's license and the fact that the guns were registered to Cadmus were not a defense to the prosecution of appellant.

Though we believe that the district court's ruling in this matter was quite proper under these facts, we need not rule on this contention in view of the fact that the sentence on count 3 was concurrent with the sentences on the other two counts as to which appellant makes no attack. United States v. Ruiz, 441 F.2d 1120 (9th Cir.1971). *See* Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969).

Affirmed.