**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wayne B. CLIZER, Defendant-Appellant.**

**No. 71–2209.**

United States Court of Appeals,
Ninth Circuit.

June 29, 1972.

Rehearing Denied Aug. 31, 1972.

C. E. Hormel (argued), Ephrata, Wash., for defendant-appellant.

Carroll D. Gray, Asst. U. S. Atty. (argued), Dean C. Smith, U. S. Atty., Spokane, Wash., for plaintiff-appellee.

Before DUNIWAY, HUFSTEDLER and CHOY, Circuit Judges.

DUNIWAY, Circuit Judge:

Clizer appeals from a judgment of conviction on two counts, I and III, of perjury committed before a grand jury. We affirm the conviction on Count I and reverse the conviction on Count III.

A. *Background.*

In the summer of 1970, the National Farmers Organization, of which Clizer was a member and leader, was attempting, in the area of Grant County, Washington, to raise the price of hay. Clizer was active in these efforts. NFO tried to persuade its members and non-members to withhold prorated quantities of hay from the market. This program had failed because of lack of participation by area farmers, and it was even resisted by many NFO members. Clizer had attended NFO meetings in which violence had been advocated by some NFO members as a method of forcing dissenting farmers to comply.

During the early morning hours of August 7, 1970, a large number of hay stack fires occurred in the area. One result was an investigation by a federal grand jury for the Eastern District of Washington. It was seeking to determine whether 18 U.S.C. §§ 371, 837, 1951 and 1952 had been violated. Clizer was summoned before the grand jury and testified on November 10, 1970. On November 12, he was indicted.

B. *Count I.*

Count I was based on Clizer's denial that in or about February, 1970, he had fusees, dynamite, or a dynamite box in his home. Count I charged:

"Said testimony was then and there false in that in or about February, 1970 Wayne B. Clizer did have fuses, dynamite and a dynamite box in his house, all in violation of Section 1621, Title 18 United States Code."

1. *Sufficiency of the evidence.*

The government's chief witness, James Michel, testified that in late January, 1970, he went to Clizer's farm to inquire about obtaining a head gasket for his pick-up truck. While he was in the Clizer home, he observed three boxes stacked against a nearby wall. Two of the boxes were identical, and were painted white with red lettering. The words "flare fusees," "Diamond National," and "Ohio" appeared on these boxes. The boxes were approximately fifteen to eighteen inches long, twelve inches wide, and ten to fifteen inches high. The third box was "cardboard color[ed]" and appeared to Michel to have been waxed or greased. The words, "danger dynamite" were printed on it in red letters. This box was fifteen to eighteen inches long, fifteen to sixteen inches wide, and six to eight inches high.

Gail Clarence (Bill) Wells, a self-employed mechanic and friend of Clizer, testified that in November or December of 1969, Clizer told Wells that he wanted to remove several willow stumps on his property, and asked whether Wells knew

where some dynamite could be obtained. Finally, two government witnesses described the boxes in which dynamite and fusees are commonly sold, a description that coincided with the description of the boxes in the Clizer home offered by Michel.

a. *The two witness rule.*

■ Clizer argues that this evidence is insufficient to satisfy the "two witness" or "one witness plus corroboration" rule in perjury cases. That rule has long been in effect in the federal courts. Hammer v. United States, 1926, 271 U.S. 620, 626, 46 S.Ct. 603, 70 L.Ed. 1118; Weiler v. United States, 1945, 323 U.S. 606, 607–608, 65 S.Ct. 548, 89 L.Ed. 495.[1] If we were to apply it here, we doubt that the conviction could stand.

We need not decide that question, however, because the Congress has changed the rule. On October 15, 1970, Congress enacted Pub.L. 91–452 (Organized Crime Control Act of 1970), which added Section 1623 to Title 18 of the United States Code, and contained the following provisions:

> "(a) Whoever under oath in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both.
>
> .  .  .  .  .  .
>
> "(e) Proof beyond a reasonable doubt under this section is sufficient for conviction. It shall not be necessary that such proof be made by any par-

ticular number of witnesses or by documentary or other type of evidence."

The legislative history of Pub.L. 91–452 shows that Congress intended to abolish the two-witness rule in cases to which 18 U.S.C. § 1623 applies. "This Title creates a new false declaration provision applicable in grand jury and court proceedings. It makes inapplicable to such prosecutions the two-witness and direct evidence rules. . . ." S.Rep. No. 91–617, 91st Cong., 1st Sess. 33 (1969). *Accord*, H.R.Rep. No. 91–1549, quoted in 1970 U.S.Code Cong. & Ad. News, 91st Cong.2d Sess., pp. 4007, 4008, 4024.

■ Section 1623, added by Title IV of Pub.L. 91–452, rather than the traditional two-witness rule, governs the nature and quantum of evidence required to convict in this case. It became effective October 15, 1970;[2] Clizer appeared before the Grand Jury on November 10, 1970.

b. *The reasonable doubt rule.*

Thus the sufficiency question in the present case turns on whether the government adduced "[p]roof beyond a reasonable doubt. . . ." 18 U.S.C. § 1623(e).

■ We think that it did. Clizer and one of his daughters denied that the boxes described by Michel had ever been in their home. Clizer also testified that he did not remember the conversation with Wells, but he did not deny that he might have asked Wells where dynamite could be obtained. During Clizer's cross-examination of Michel, it became apparent that Michel's testimony con-

---

[1]. We, of course, have repeatedly applied the rule. *See, e. g.*: United States v. Howard, 9 Cir., 1971, 445 F.2d 821, 822; United States v. Brandyberry, 9 Cir., 1971, 438 F.2d 226, 227; Vuckson v. United Staes, 9 Cir., 1966, 354 F.2d 918, 920; Arena v. United States, 9 Cir., 1955, 226 F.2d 227, 236–237.

2. Title IV of Pub.L. 91–452, which added Section 1623 to Title 18, U.S.C., makes no mention of the date on which Section 1623 takes effect. In the absence of an express provision in the statute itself, an act takes effect on the date of its enactment. Arnold v. United States, 1815, 13 U.S. (9 Cranch) 103, 119, 3 L.Ed. 671; *see generally* Hassett v. Welch, 1938, 303 U.S. 303, 58 S.Ct. 551, 82 L.Ed. 858; Shwab v. Doyle, 1922, 258 U.S. 529, 42 S.Ct. 391, 66 L.Ed. 747; M/V Nonsuco v. Com'r of Internal Revenue, 4 Cir., 1956, 234 F.2d 583; Strategical Demolition Torpedo Co. v. United States, 1953, 110 F.Supp. 264, 124 Ct.Cl. 492.

flicted in several respects with testimony he had given before the grand jury.

However, these "conflicting stories . . . presented a question of fact to be passed upon by the jury at the time of trial, and by the trial judge on the motion for new trial." Bush v. United States, 9 Cir., 1959, 267 F.2d 483, 485, and cases there cited. The jury elected to believe Michel rather than Clizer and his daughter.

We therefore hold, as the district court held in its Memorandum of Decision and Order, that the evidence was sufficient under the standard established by 18 U.S.C. § 1623(e) to sustain Clizer's conviction on Count I. *See* United States v. Nelson, 9 Cir., 1969, 419 F.2d 1237, 1241–1245.

### 2. *The District Court's instruction.*

■ Clizer also contends that his conviction on Count I should nevertheless be reversed because the jury did not follow the court's instruction on Count I. The court gave the two witness or one witness plus corroboration instruction. Clizer argues that the jury could not find him guilty because the government's evidence did not meet the requirements of the instruction, and the jury was bound to follow the instruction, even though it was erroneous.

We are not persuaded. Clizer relies on cases that do provide some support for his argument. *See, e. g.,* Duncan v. Commonwealth, 330 S.W.2d 419 (Ky. 1959); Beach v. Commonwealth, 246 S. W.2d 587 (Ky. 1952). But whether a judge's instructions to the jury are followed is of concern to courts because in giving instructions a judge " '. . . merely acts as the mouthpiece of the law for the purpose of marking out a definite and clearly ascertained path by which the ends of justice are attained.' " Morris v. United States, 9 Cir., 1946, 156 F.2d 525, 531. In terms of policy the rule contended for makes the least sense when applied to a case where, as here, the jury's verdict conforms to the law, although not to the court's instruc-

tion. Thus it has been held that ". . . a verdict if in fact according to law will be sustained, even though the jury has arrived at it through the disregard of an erroneous instruction. . . . [I]t would seem to be but common sense that, where a defendant was fairly tried and the jury had found that he had done a certain act which was an offense against the law, he should not escape punishment because of an erroneous statement of the law which the jury had not followed." People v. Abbott, 2d Dist., 1933, 132 Cal.App. 109, 112, 22 P.2d 566, 567.

In addition, because the evidence upon which Clizer's conviction is based conforms to the requirements of 18 U.S.C. § 1623(e), it is difficult to see how Clizer was prejudiced by the jury's failure to follow the court's instructions. Rule 52(a) F.R.Crim.P., provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." The jury's verdict conforms to the law, and we fail to see how any substantial right of Clizer's was affected, or what purpose would be served by remanding his case for a new trial.

### 3. *The fact that the perjury was charged under 18 U.S.C. § 1621 rather than 18 U.S.C. § 1623.*

■ Count I expressly charges a violation of 18 U.S.C. § 1621 rather than of 18 U.S.C. § 1623. In contrast to Section 1623, Section 1621 does not define the nature or quantum of proof required for a conviction of perjury. However, the Supreme Court has held that "[w]e must look to the indictment itself, and, if it properly charges an offense under the laws of the United States, that is sufficient to sustain it, although the representative of the United States may have supposed that the offense charged was covered by a different statute." Williams v. United States, 1897, 168 U. S. 382, 389, 18 S.Ct. 92, 94, 42 L.Ed. 509; *Accord,* United States v. Hutcheson, 1941, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788; Prussian v. United

States, 1931, 282 U.S. 675, 680–681, 51 S.Ct. 223, 75 L.Ed. 610; United States v. Nixon, 1914, 235 U.S. 231, 235, 35 S. Ct. 49, 59 L.Ed. 207; United States v. Clark, 9 Cir., 1969, 416 F.2d 63, 64. *Cf.* Rule 7(c), F.R.Crim.P. Paragraph I of Count I stated that "Wayne B. Clizer did commit perjury before the Grand Jury impanelled and sworn in the United States District Court for the Eastern District of Washington . . . ." The government, despite its reference to 18 U.S.C. § 1621, in fact charged Clizer with a violation of 18 U.S.C. § 1623.

### C. *Count III.*

Count III was based on an episode in which Clizer allegedly picked up an empty rifle casing in the home of one Robert Peterson and gave the shell to Peterson with the remark that he should "get rid of the evidence." Clizer testified before the grand jury that he did not remember ever having seen the shell casing in Peterson's house or having made the statement. Count III charged as follows:

> "Said testimony was then and there false in that Wayne B. Clizer did then and there remember seeing a shell casing of said or similar size in the Peterson house, remember saying to Robert Peterson to get rid of the evidence consisting of the shell casing, and remember picking up a shell casing of said or similar size; and in that Wayne B. Clizer did see a shell casing of said or similar size at the Peterson residence, did tell Robert Peterson to get rid of the evidence consisting of said casing and did pick up said casing and hand it to Robert Peterson, all in violation of Section 1621, Title 18, United States Code."

Clizer challenges his conviction on Count III for the same reasons for which he challenged his conviction on Count I. We need go no further than Clizer's contention that the evidence was insufficient to convict him on Count III. For the reasons stated above, the sufficiency question must be determined by applying 18 U.S.C. § 1623.

We have examined the evidence on Count III, and have concluded that it is insufficient to sustain the jury's verdict. The record contains no direct evidence that Clizer remembered the shell casing episode at the time he testified before the grand jury. In fact, there is little, if any, circumstantial evidence to show that Clizer must have remembered the incident. The record reveals that at the time that Clizer is supposed to have tossed the shell casing to Peterson, and allegedly told him to "get rid of the evidence," there had been no incidents involving the use of rifles or rifle shells. The only circumstantial evidence that even tends to show that the incident must have been remembered by Clizer is testimony given by Ronald Reeser, an acquaintance of Clizer, and an active participant in NFO, who became a government informer shortly after the occurrence of the fires that were the subject of the grand jury investigation. His testimony represents too slender a reed upon which to rest the conviction on Count III.

We realize that the district court imposed concurrent sentences on Counts I and III, and that we therefore need not reach Clizer's contentions concerning Count III, having already upheld his conviction on Count I. Ayala v. United States, 9 Cir., 1967, 371 F.2d 515, 516. But the concurrent sentence doctrine is not a jurisdictional bar, Benton v. Maryland, 1969, 395 U.S. 784, 791, 89 S.Ct. 2056, 23 L.Ed.2d 707; it is merely a matter of judicial convenience and discretion. United States v. Ruiz, 9 Cir., 1971, 441 F.2d 1120, 1121; United States v. Abigando, 5 Cir., 1971, 439 F. 2d 827, 829; United States v. Casey, 5 Cir., 1970, 428 F.2d 229, 232; United States v. Tamayo, 9 Cir., 1970, 427 F.2d 1072, 1073–1074; United States v. Felix, 9 Cir., 1970, 425 F.2d 240, 242; United States v. Hines, 2 Cir., 1958, 256 F.2d 561, 563.

The judgment of conviction on Count I is affirmed, and the judgment of conviction on Count III is reversed. When the mandate goes down, Count III will be dismissed.