UNITED STATES of America, Plaintiff,

v.

Richard Angelo CALABRESE, Carol Ann Calabrese, and Terry A. Logan, Defendants.

No. CR 84–12–BU–CCL.

United States District Court,
D. Montana,
Butte Division.

Jan. 9, 1986.

See also, 613 F.Supp. 1227.

James Seykora, Robert Zimmerman, Asst. U.S. Attys., Billings, Mont., for plaintiff.

Charles F. Moses, Moses Law Firm, Billings, Mont., Gregory A. Jackson, Jackson Law Firm, Helena, Mont., John P. Atkins, Bryan & Atkins, Bozeman, Mont., for defendants.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Defendants Richard and Carol Calabrese move for judicial determination of the range of sentences that could be applied in this case. Specifically, they contend application of the Comprehensive Crime Control Act of 1984 to them would violate the ex post facto clause, Article I, Section 9, of the Constitution.

### BACKGROUND

The Calabrese defendants were charged with conspiring to manufacture and distribute methamphetamine, 21 U.S.C. § 846, and with knowingly and intentionally manufacturing or distributing methamphetamine, 21 U.S.C. § 841(a)(1). They were tried before a jury and convicted of the conspiracy offense. The period of such conspiracy, as alleged in the superseding

indictment filed on September 4, 1985, was from October 1982 to November 2, 1984.

On October 12, 1984, the President signed into law the continuing appropriations resolution, Public Law No. 98–473, 98 Stat. 1837. Title II of that Public Law is the Comprehensive Crime Control Act of 1984. As the Act contains no effective date, it is clear that it became effective on October 12, 1984, the date of enactment. *See United States v. Clizer,* 464 F.2d 121 (9th Cir.1972), *cert. denied,* 409 U.S. 1086, 93 S.Ct. 697, 34 L.Ed.2d 673; *United States v. Gavrilovic,* 551 F.2d 1099 (8th Cir.1977).

As part of the 1984 revision of the criminal code, the maximum penalties for conspiracy to manufacture or distribute methamphetamine, a Schedule II controlled substance, were amended from imprisonment for a term of five years or a fine of $15,-000, or both, to imprisonment for a term of 15 years or a fine of $125,000, or both. 21 U.S.C. §§ 846, 841(b)(1)(B).

### DISCUSSION

■ Article I, Section 9 of the United States Constitution prohibits Congress from passing any "ex post facto" law. This clause was adopted to protect an individual's right to fair notice when the government changes "that conduct which will give rise to criminal penalties," *Marks v. United States,* 430 U.S. 188, 191, 97 S.Ct. 990, 992, 51 L.Ed.2d 260 (1977); or "increases punishment beyond what was prescribed when the crime was consummated," *Weaver v. Graham,* 450 U.S. 24, 30, 101 S.Ct. 960, 965, 67 L.Ed.2d 17 (1981).

The federal courts recognize that two critical elements must be present for a criminal or penal law to be ex post facto: (1) it must be retrospective, that is, it must apply to events occurring before enactment of the law; and (2) it must disadvantage the offender affected by application of the law. *Weaver,* 450 U.S. at 29, 101 S.Ct. at 964. There can be no question that the increased punishment provided in the Comprehensive Crime Control Act of 1984 for the offense of which the Calabrese defend-ants were convicted works to defendants' disadvantage. Thus, the issue in the instant case is whether application of the increased penalties would be retrospective.

■ The question before the Court, therefore, is whether the conspiracy charged against the Calabrese defendants, which commenced prior to the October 12, 1984 amendment increasing the punishment, continued beyond the date of the amendment. Count I of the superseding indictment alleges that the conspiracy continued until November 2, 1984, some three weeks after enactment of the Comprehensive Crime Control Act of 1984. The jury verdict on Count I represents a finding of fact the conspiracy was committed as alleged. The Court concludes, therefore, that the October 12, 1984 amendment of 21 U.S.C. §§ 846, 841(b)(1)(B) increasing the maximum penalties for conspiracy to manufacture or distribute methamphetamine is applicable to the convictions of the Calabrese defendants. The Court's conclusion is consistent with the approach taken by the Ninth Circuit Court of Appeals in a case involving similar facts. *See Leyvas v. United States,* 371 F.2d 714, 717–18 (9th Cir.1967).

For these reasons, the Court determines that application in this case of the increased penalties set forth in the Comprehensive Crime Control Act of 1984 would not constitute an ex post facto application of the law.

IT IS SO ORDERED.