Tenance RODGERS, Plaintiff,

v.

D. DEBOE, et al., Defendants.

Civil No. 95–4032–B (CGA).

United States District Court,
S.D. California.

Jan. 13, 1997.

Tenance Rodgers, Calipatria, California, in pro per.

Robert Helfand, Deputy Attorney General, San Diego, California, for defendants.

## ORDER DENYING DEFENDANT'S MOTION TO REQUIRE PAYMENT OF FILING FEES PURSUANT TO 28 U.S.C. § 1915(b)

[Doc. # 18]

BREWSTER, District Judge.

Plaintiff, Tenence Rodgers,[1] proceeding in pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983 on December 29, 1995. Plaintiff, an inmate at California State Prison in Calipatria, California, alleges that the Warden of Calipatria, K.W. Prunty, a floor officer D. Deboe, and various other employees of the California Department of Corrections, violated the Eighth Amendment's proscription against cruel and unusual punishment by beating him and further conspired to harass him based on his sexual orientation. Plaintiff seeks injunctive relief and $800,000 in damages from each party.

On February 13, 1996, the Court granted plaintiff's request to proceed *in forma pauperis* and directed the U.S. Marshal to effect service of process. Only defendants Prunty and Deboe were properly served with summons and complaint pursuant to FED.R.CIV.P. 4.

On July 29, 1996, the Court granted defendant Prunty's motion to dismiss the complaint pursuant to FED.R.CIV.P. 12(b)(6) on the grounds that: (1) the Eleventh Amendment bars claims for damages against Prunty in his official capacity as Warden of Calipatria; (2) plaintiff failed to allege facts sufficient to state a claim against Prunty in his individual capacity; and (3) plaintiff failed to allege facts sufficient to state a claim for conspiracy against defendant Prunty under the heightened pleading standard set forth in *Branch v. Tunnell,* 937 F.2d 1382, 1386 (9th Cir.1991). Plaintiff was granted 30 days leave to amend his complaint. He did not do so; thus, only defendant Deboe remains a party to this action.

On November 5, 1996, defendant Deboe filed a motion to require payment of filing fees pursuant to 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act of 1995 ["PLRA"], Pub.L. 104–134, Title VIII, §§ 801–10, 110 Stat. 1321 (1996). Defendant does not address the merits of plaintiff's complaint, but rather requests that the Court apply the PLRA to plaintiff's case even though he was granted *in forma pauperis* status on February 13, 1996, more than two months prior to its enactment on April 26, 1996. Specifically, defendant requests that this Court apply the mandatory filing fee provisions set forth in amended 28 U.S.C. § 1915(b) retrospectively to this case and "all prisoner lawsuits pending at the time" the PLRA was enacted. Def.'s Motion at 6. Plaintiff has filed no opposition.

## I. *Discussion*

On April 26, 1996, Congress enacted the PLRA as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. 104–134, 110 Stat. 1321 (1996). Section 804 of the PLRA, which amends 28 U.S.C. § 1915, redefines the rights and obligations of litigants who are granted *in forma pauperis* status. Prior to the passage of the PLRA, imprisoned litigants who were granted leave to proceed *in forma pauperis* could seek and easily obtain what amounted to a "waiver" of filing fees and costs.

1. Plaintiff's name is misspelled as "Terrence" Rodgers in the caption to defendants' motion and elsewhere in the Clerk's file. Plaintiff's name as it appears on his complaint, however, is "Tenence."

■ The PLRA, however, requires prisoners proceeding *in forma pauperis* who bring "civil actions" or appeals of "civil actions" to pay the "full amount of a filing fee." 28 U.S.C. § 1915(b)(1). In the event that a prisoner is unable to pre-pay the entire fee at the time of filing, section 1915, as amended by the PLRA, establishes an elaborate deferred payment schedule by which litigants may fulfill their filing fee obligations. If an imprisoned litigant's funds are insufficient to pay the full filing fee, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A)(B). Thereafter, the prisoner must make monthly payments to the court until the filing fee is paid in full, while the agency having custody of the prisoner must forward payments to the clerk of the court until the entire fee has been collected. 28 U.S.C. § 1915(b)(2). Notwithstanding the payment of any full or partial filing fee that may have been paid, the PLRA further mandates dismissal of a case at any time if the court determines that an allegation of poverty is untrue, or if the complaint or appeal is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. §§ 1915(e); 1915A; *Leonard v. Lacy,* 88 F.3d 181, 184 (2d Cir.1996).

**a. The plain language of 28 U.S.C. § 1915(b) limits its application to the "bringing" or "filing" of a civil action or appeal.**

Title 28 of the United States Code, section 1915, now provides:

(b)(1) ... if a prisoner *brings* a civil action or *files* an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—

(A) the average monthly deposits to the prisoner's account; or

(B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid. (emphasis added).

■ This Court agrees with the Second and Seventh Circuits to the extent that they have found that the words "bringing" a civil action and "filing" an appeal are the dispositive or "triggering" events for purposes of applying the filing fee provisions set out in section 1915(b). *See Covino v. Reopel,* 89 F.3d 105, 108 (2d Cir.1996); *Thurman v. Gramley,* 97 F.3d 185, 188 (7th Cir.1996). The statute at issue here specifically identifies the events that require the assessment and payment of fees: bringing a case, and filing an appeal. Once these milestones have passed, fees do not attach to later activities. *Cf. Landgraf v. USI Film Prods.,* 511 U.S. 244, 275 n. 29, 114 S.Ct. 1483, 1502 n. 29, 128 L.Ed.2d 229 (1994); *Diaz v. Shallbetter,* 984 F.2d 850 (7th Cir.1993). Therefore, because the PLRA does not, by its express language or legislative intent, seek to prohibit the *prosecution* of a pending civil action, especially one which has already been determined to be "nonfrivolous" for purposes of section 1915 by virtue of an existing court order granting plaintiff *in forma pauperis* status at the time of filing, *see Franklin v. Murphy,* 745 F.2d 1221, 1226–27 (9th Cir.1984), the Court declines to apply section 1915(b) to plaintiff's case as he has already "brought" his civil action, and has not yet had opportunity to "file an appeal."

**b. Applying 28 U.S.C. § 1915(b)'s mandatory filing fee provisions to plaintiff's case would have an impermissible retroactive effect under *Landgraf* because it would impose new duties with respect to a transaction already completed.**

■ Defendant argues, however, that section 1915(b)'s filing fee requirements should be applied to plaintiff's case even though his request to proceed *in forma pauperis* was

granted two months prior to the enactment of the PLRA. In order to decide whether section 1915(b)'s new filing fee requirements should apply to plaintiff's case, the Court must first decide whether to apply the *in forma pauperis* law in effect at the time plaintiff's complaint was filed, or the *in forma pauperis* law as it was amended by the PLRA during the pendency of this case. *See Landgraf,* 511 U.S. at 249–50, 114 S.Ct. at 1489.

■ Absent an explicit effective date in the legislation, an act becomes effective on the date it is signed into law by the President. *United States v. Clizer,* 464 F.2d 121, 123 n. 2 (9th Cir.), *cert. denied,* 409 U.S. 1086, 93 S.Ct. 697, 34 L.Ed.2d 673 (1972); *United States v. Bafia,* 949 F.2d 1465, 1480 (7th Cir.1991), *cert. denied,* 504 U.S. 928, 112 S.Ct. 1989, 118 L.Ed.2d 586 (1992); *see also United States v. Ferryman,* 897 F.2d 584, 588–89 (1st Cir.) (stating general presumption that statutes become effective at moment they are signed into law), *cert. denied,* 498 U.S. 830, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990). However, this Court must follow *Landgraf,* 511 U.S. at 244, 114 S.Ct. 1483, to determine whether "a federal statute enacted after the events in suit" applies to an existing case. *Id.* at 280, 114 S.Ct. at 1505.

In *Landgraf,* the Supreme Court analyzed the applicability of intervening legislation on a pending case. The *Landgraf* analysis posits two axioms concerning the effect of intervening changes in the law. First, "a court is to apply the law in effect at the time it renders its decision." *Id.* at 264, 114 S.Ct. at 1496 (quotation omitted). Second, "retroactivity is not favored in the law." *Id.* (quotation omitted).

To reconcile the tension between these "two seemingly contradictory statements," *id.,* the Court set forth a method to determine the applicability of newly enacted legislation on a pending suit:

When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect. . . . If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

*Landgraf,* 511 U.S. at 280, 114 S.Ct. at 1505. "In sum, *Landgraf* mandates that if Congress does not prescribe the scope of a statute, we apply intervening civil legislation to pending cases unless it would operate retroactively." *Lennox v. Evans,* 87 F.3d 431, 432 (10th Cir.1996).

Deciding when a statute has an impermissible "retroactive effect" is not a simple or mechanical task. *Landgraf,* 511 U.S. at 267, 114 S.Ct. at 1498. When the new statute changes procedural rules or affects the propriety of prospective relief, application of the new provision to a case filed before the legislation became law does not necessarily amount to retroactive operation of a statute. *Id.* at 273, 274–75 & n. 29, 114 S.Ct. at 1501, 1502 & n. 29. Most importantly, a statute does not operate retroactively merely if it is applied to predating conduct or to a case filed before enactment of the statute. *Id.* at ——, 114 S.Ct. at 1499. Something more is required to raise concerns of statutory retroactivity. As specified by the Supreme Court, a statute has an impermissible "retroactive effect" when applied to a case filed prior to passage of the new legislation if "it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 280, 114 S.Ct. at 1505.

■ The amendments relevant in this case appear in § 804 of the PLRA, which contains neither an effective date provision nor clear language specifying that it applies retroactively. Consequently, the Court must apply section 1915(b) to plaintiff's case "unless to do so would have retroactive effect." *Lennox,* 87 F.3d at 432 (citing *Landgraf,* 511 U.S. at 280, 114 S.Ct. at 1505).

### 1. Provision–By–Provision Retroactivity Analysis

*Landgraf* does not hold that an act in toto may not apply retroactively; rather, it in-

structed courts to "evaluate each provision of [an] [a]ct in light of ordinary judicial principles concerning the application of new rules to pending cases and pre-enactment conduct." *Chenault v. United States Postal Serv.*, 37 F.3d 535, 537 (9th Cir.1994) (quoting *Landgraf*, 511 U.S. at 280, 114 S.Ct. at 1505). The dispositive provision at issue here is new section 1915(b). To determine whether applying section 1915(b)'s newly created filing fee requirements to a complaint filed prior to its enactment and to a plaintiff whose *in forma pauperis* status has already been decided raises retroactivity concerns, the Court must examine only the affect of new section 1915(b).

### 2. Affect of *Marks v. Solcum*

Defendants argue that this Court is bound by the Ninth Circuit's recent opinion in *Marks v. Solcum*, 98 F.3d 494, 496 (9th Cir. 1996), which holds that section 1915(e)(2)'s sua sponte dismissal provisions may be applied to civil actions filed prior to enactment of the PLRA because they embody a "procedural rule which raises no retroactivity concerns." *Id.* Defendants fail to note, however, that the Court in *Marks* considered only the retroactivity of section 1915(e)(2)—a provision separate and apart from the filing fee requirements set out in section 1915(b). The Ninth Circuit has yet to speak on the retroactivity of section 1915(b).

Section 1915(e)(2) provides that a court shall dismiss a case "at any time" if it finds an allegation of poverty untrue, or that the complaint is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Section 1915(e)(2) is distinguishable from section 1915(b) in two important ways. First, the plain language of section 1915(e)(2) mandates dismissal of any complaint sought to be brought *in forma pauperis* "at any time" and "notwithstanding any filing fee, or any portion thereof, that may have been paid." 28 U.S.C. § 1915(e)(2). Section 1915(b)'s filing fee requirements on the other hand, activate only at the time a prisoner "brings" a civil action, i.e., files his complaint, or "files" a notice of appeal. Nothing in its language provides for calculation or assessment of partial fee payments "at any time." Second, section

1915(e)(2) is essentially a re-codification of former section 1915(d), a provision which applied to persons seeking *in forma pauperis* status even before the PLRA and which also permitted dismissal of frivolous action prior to service. From its very terms, it is clear that Congress intended for the Court to merely continue to exercise its existing dismissal powers regardless of the prisoner's indigency. Section 1915(b), however, is an entirely new provision that imposes an obligation to pay which did not previously exist.

Therefore, while section 1915(e)(2) may be a "procedural rule" which may be applied to cases pre-dating enactment of the PLRA, it does not necessarily follow that section 1915(b) mandates the same result. *Chenault*, 37 F.3d at 537 (quoting *Landgraf*, 511 U.S. at 280, 114 S.Ct. at 1505). This Court finds that section 1915(b) is distinguishable from section 1915(e)(2) in that application of section 1915(b)'s newly created obligation to pay the "full amount of a filing fee" to a plaintiff whose filing fees have already been "waived" under pre-PLRA standards would have an impermissible retroactive effect since doing so would "impose new duties with respect to transactions already completed." *Id.* at 280, 114 S.Ct. at 1505. Not only would its application to plaintiff impose upon him a new obligation to pay the entire $120 filing fee, but it would also impose new obligations upon the Court to assess and collect partial payments, 28 U.S.C. § 1915(b)(1), and upon any agency having custody of plaintiff to "forward payments from the prisoner's account each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2). *See White v. Gregory*, 87 F.3d 429, 430 (10th Cir.1996) (finding that PLRA amendments to section 1915 do not apply to case where prisoner filed a notice of appeal prior to enactment); *cf. Reyes v. Keane*, 90 F.3d 676, 677 (2d Cir. 1996) (refusing to apply PLRA to petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 even though habeas is traditionally termed a "civil" action, reasoning that "it is not likely that Congress would have wished the elaborate procedures of the PLRA to apply ... just to assure partial, monthly payments of a $5 filing fee.")

Further, to apply the provisions of § 1915(b) to plaintiff's case at this stage of the proceeding would fly in the face of the purpose of the PLRA: to reduce the State's burden of defending frivolous prisoner suits and deterring the filing of future frivolous litigation. *Duamutef v. O'Keefe,* 98 F.3d 22, 23 (2d Cir.1996) (finding that prisoner need not comply with PLRA on appeal when case had reached stage where judicial resources had already been expended and appellant had expended significant time and effort preparing a brief); *Covino v. Reopel,* 89 F.3d 105, 108 (2d Cir.1996) (same); *Ramsey v. Coughlin,* 94 F.3d 71, 73 (2d Cir.1996); 141 CONG.REC. S7498–01, S7524 (1995) (statement of Sen. Dole).

**c. Even if application of 28 U.S.C. § 1915(b)'s filing fee requirements may be classified as merely "procedural" under *Landgraf,* they need not be applied to every pending case.**

Even assuming that section 1915(b)'s filing fee requirements are "procedural" in nature, and as such, may be applied retrospectively under *Landgraf,* they need not be so applied in this case due to its procedural posture.

> Of course, the mere fact that a new rule is procedural does not mean that it applies to every pending case. *A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime,* and the promulgation of a new rule of evidence would not require an appellate remand for a new trial. Our orders approving amendments to federal procedural rules reflect the common-sense notion that the applicability of such provisions ordinarily depends on the posture of the particular case. *See, e.g.,* Order Amending Federal Rules of Criminal Procedure, 495 U.S. 969 (1990) (amendments applicable to pending cases "insofar as just and practicable"); Order Amending Federal Rules of Civil Procedure, 456 U.S. 1015 (1982) (same); Order Amending Bankruptcy Rules and Forms, 421 U.S. 1021 (1975) (amendments applicable to pending cases "except to the extent that in the opinion of the court their application in a particular

proceeding then pending would not be feasible or would work injustice").

*Landgraf,* 511 U.S. at 275 n. 29, 114 S.Ct. at 1502 n. 29 (emphasis added).

Thus, just as a new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed, new rules concerning the mandatory payment of filing fees accompanying a properly filed complaint need not be applied here. *Id.* This Court is cognizant of the common-sense notion that the applicability of new provisions ordinarily depends on the posture of the particular case. Accordingly, given the posture of this case (*i.e.,* plaintiff's filing fees have already been "waived" pursuant to the law as it existed at the time his complaint was filed, service upon defendants has already been ordered and completed, and dispositive motions have already been filed and decided), the PLRA's amendments to section 1915(b) are not applicable to this case, regardless of the "retroactivity" of the Act's other provisions. *Landgraf,* 511 U.S. at 273, 114 S.Ct. at 1501; *see, e.g., Marks,* 98 F.3d at 496 (28 U.S.C. § 1915(e)(2) may be applied retrospectively); *Jensen v. Clarke,* 94 F.3d 1191, 1202–03 (8th Cir.1996) (PLRA attorney fee provisions set forth in 42 U.S.C. § 1997e(d) may not be applied retrospectively); *Cooper v. Casey,* 97 F.3d 914, 921 (7th Cir.1996) (same); *Green v. Nottingham,* 90 F.3d 415, 420 (10th Cir.1996) (28 U.S.C. § 1915(g) may be applied retrospectively).

## II. *Conclusion*

For all the reasons set forth above, the Court hereby **DENIES** defendant's motion to require plaintiff to pay filing fees pursuant to 28 U.S.C. § 1915(b).

**IT IS SO ORDERED.**