NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5084

JOHN LESLIE MILLER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

John Leslie Miller, of Fort Worth, Texas, pro se.

Sean B. McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director,  and Harold D. Lester, Jr., Assistant Director.

Appealed from:  United States Court of Federal Claims

Senior Judge Robert H. Hodges, Jr.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5084

JOHN LESLIE MILLER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

DECIDED:  August 9, 2007

Before RADER and SCHALL, <u>Circuit Judges</u>, and FARNAN, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

John Leslie Miller appeals the final judgment of the United States Court of Federal Claims dismissing his complaint.  <u>Miller v. United States</u>, No. 06-267 (Ct. Fed. Cl. Apr. 19, 2006) (judgment).  We <u>affirm</u>.

---

[*]        Honorable Joseph J. Farnan, Jr., District Judge, United States District Court for the District of Delaware, sitting by designation.

DISCUSSION

I.

Mr. Miller filed his complaint in the Court of Federal Claims on March 29, 2006. After reviewing the complaint, the Court of Federal Claims explained that "[i]t is difficult to understand the nature of plaintiff's Complaint, though we have reviewed it carefully with the court's obligation to grant every latitude to a pro se plaintiff in mind." Miller v. United States, No. 06-267, slip op at 1 (Ct. Fed. Cl. Apr. 19, 2006) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)) (order). The court dismissed Mr. Miller's complaint for lack of jurisdiction and failure to state a claim upon which relief could be granted. Miller, slip op. at 1 (judgment). Mr. Miller timely filed a notice of appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II.

We review de novo a dismissal by the Court of Federal Claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. See Wilson v. United States, 405 F.3d 1002, 1008 (Fed. Cir. 2005); Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002).

The jurisdiction of the Court of Federal Claims to hear claims against the United States for money damages is defined by the Tucker Act. The court has jurisdiction to hear cases "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). Mr. Miller had the burden of

establishing the court's jurisdiction.  See Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

On appeal, Mr. Miller cites six cases without any explanation or argument.  The cases he cites are as follows: Johnson v. United States, 352 U.S. 565 (1957) (per curiam); Brown v. Morgan, 209 F.3d 595 (6th Cir. 2000); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999) (per curiam); Pena v. United States, 122 F.3d 3 (5th Cir. 1997), opinion after remand 157 F.3d 986 (5th Cir. 1998); Lindsey v. U.S. R.R. Ret. Bd., 101 F.3d 444 (5th Cir. 1996); and Rodgers v. Deboe, 950 F. Supp. 1024 (S.D. Cal. 1997). None of these cases helps us to understand how Mr. Miller has stated a claim within the jurisdiction of the Court of Federal Claims.  Johnson relates to the standard for appearing in forma pauperis, and, in Pena, the appellate court remanded so the district court could rule on the plaintiff's appearing as such.  See Johnson, 352 U.S. at 565-66; Pena, 122 F.3d at 5.  Brown and Harris discuss the tolling of the statute of limitations in civil rights actions while state remedies are pursued, Brown, 209 F.3d at 596; Harris, 198 F.3d at 154, while Lindsey deals with a court's duty to assist a plaintiff proceeding in form pauperis to effect service of process, Lindsey, 101 F.3d at 445.  Finally, in Rodgers, a federal district court applied the Prison Litigation Reform Act, Pub. L. 104-134, Title VIII, §§ 810-10, 110 Stat. 1321 (1996), to an ongoing lawsuit by a prisoner proceeding in forma pauperis, and held that the requirement under the statute that a prisoner pay filing fees did not retroactively require the plaintiff to pay filing fees for a suit already filed when the statute became effective. Rodgers, 950 F. Supp. at 1028-29.

Based on the documents Mr. Miller has attached to his brief, it appears his claim involves Social Security benefits or somehow relates to a civil rights case he filed in the

Northern District of Texas. However, we are unable to infer any correlation amongst the cases cited by Mr. Miller in his brief, the Texas civil rights action, and a claim against the United States that could plausibly result in jurisdiction for the Court of Federal Claims under the Tucker Act. Mr. Miller's request to appear in forma pauperis was granted by the Court of Federal Claims, while our review of the record indicates that, in his Texas civil rights action, both his appeal to the Fifth Circuit and his petition for writ of certiorari to the United States Supreme Court were untimely. Finally, over and above these two matters, we have reviewed Mr. Miller's complaint to see if it presents any claim within the jurisdiction of the Court of Federal Claims. Doing so, we have found no such claim.

For the foregoing reasons, the judgment of the Court of Federal Claims is affirmed.

No costs.