*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0127P (6th Cir.)
File Name: 00a0127p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

————————



ROGER ANTHONY BROWN,
  *Plaintiff-Appellant,*

   *v.*       No. 99-5457

JAMES MORGAN, Warden;
JAMES B. MITCHELL; DOUG
SAPP,
  *Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 98-00492—Karl S. Forester, District Judge.

Submitted: February 3, 2000

Decided and Filed: April 7, 2000

Before: MERRITT and MOORE, Circuit Judges;
HEYBURN, District Judge.[*]

—————————

[*]The Honorable John G. Heyburn II, United States District Judge for
the Western District of Kentucky, sitting by designation.

1

_____

**COUNSEL**

**ON BRIEF:**    Roger Anthony Brown, West Liberty, Kentucky, pro se.

_____

**OPINION**

_____

MERRITT, Circuit Judge.  This appeal arises from pro se Kentucky prisoner Roger Anthony Brown's civil rights suit against prison officials for allegedly denying him access to the courts.  The District Court dismissed his civil rights suit as frivolous for failure to comply with the statute of limitations pursuant to 28 U.S.C. § 1915A.  The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.  We unanimously agree that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

Brown, proceeding in forma pauperis, claimed in a complaint dated November 30, 1998, that several Kentucky corrections officials denied him access to the courts by denying him access to legal books and legal aides.  The District Court dismissed Brown's suit, concluding that it was barred by Kentucky's one-year statute of limitations.  In his timely appeal, Brown argues that the district court erred by dismissing his suit as barred by the statute of limitations.  The defendants have not been served.  We review *de novo* a judgment dismissing a suit as frivolous under § 1915A.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

The Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."    42 U.S.C. § 1997e(a) (1999) (emphasis added).    This language

unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation.  Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust "such administrative remedies as are available."  For this reason, the statute of limitations which applied to Brown's civil rights action was tolled for the period during which his available state remedies were being exhausted.  *See Harris v. Hegmann*, 198 F.3d 153, 157-59 (5th Cir. 1999) (per curiam); *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir. (Cal.)).

In the case before us, it is not clear when the period of exhaustion expired.  In order to properly determine the last possible date on which Brown could file his complaint, it is necessary to determine the period of time during which the limitations period was tolled in order for Brown to pursue his administrative remedies.  Therefore, we REVERSE the District Court's dismissal and REMAND in order that the District Court may consider and decide the period during which the statute of limitations was tolled and for such other proceedings as may be necessary.