**George W. JONES, Plaintiff–Appellant,**

**v.**

**William SEABOLD, Warden; Robert Hartman; Amy Perkins; Linda Dewill, Defendants–Appellees,**

**William SEABOLD, Warden; Janet McIntosh, Defendants– Appellees.**

Nos. 00–6289, 00–6290.

United States Court of Appeals, Sixth Circuit.

May 22, 2001.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; O'MALLEY, District Judge.*

*ORDER*

George W. Jones, a Kentucky state prisoner, appeals two district court orders dismissing his civil rights complaints filed under 42 U.S.C. § 1983 as barred by the statute of limitations. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

00–6289

Jones filed this complaint against four prison officials, complaining that his disciplinary conviction of possession of dangerous contraband had illegally been used to restrict his visitation and was based on the false statement that he had a history of similar offenses. He sought declaratory and injunctive relief as well as $5 million each in compensatory and punitive damages. The attachments to his complaint demonstrated that he had filed an appeal of the conviction to the warden and to the state circuit court; the latter issued a decision unfavorable to Jones on June 22, 1999. The complaint was filed on July 27, 2000.

The district court dismissed the complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, concluding that it was barred by the statute of limitations.

00–6290

Jones filed this complaint against the warden and a prison guard, alleging that the latter had used a racial slur against him. He sought the same relief as in his other complaint. The attachments to this complaint showed that he had filed a grievance regarding the April 15, 1999 incident, and had received a response from the warden on May 14, 1999, telling him that appropriate action would be taken. This complaint was also filed on July 27, 2000.

The district court also dismissed this complaint pursuant to § 1915A(b)(1) for failure to state a claim, based on statute of limitations grounds.

Analysis

The statute of limitations on civil rights actions filed in Kentucky is one year. *Collard v. Kentucky Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir.1990). Review of the complaints in these appeals shows that they were clearly barred by the statute of limitations and were therefore properly dismissed for failure to state a claim pursuant to § 1915A(b)(1). Jones has made no argument on appeal which casts doubt on the correctness of the dismissals. For example, Jones does not argue (and the facts do not suggest) that any tolling of the statute of limitations during the time he

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

spent exhausting administrative remedies changes the result. *Cf. Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir.2000). Therefore, both district court orders are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.