Dennis CARDENAS, Plaintiff–
Appellant,

v.

Odie WASHINGTON, Director, et
al., Defendants–Appellees.

No. 00–1390.

United States Court of Appeals,
Seventh Circuit.

Submitted June 18, 2001.*

Decided June 19, 2001.

Before MANION, ROVNER, and EVANS, Circuit Judges.

ORDER

Illinois prisoner Dennis Cardenas appeals the dismissal of his civil rights complaint which alleged that the defendant prison officials had directed guards to confiscate property from his cell in violation of his rights to due process, equal protection, and freedom of religion. We affirm.

On April 9, 1997, the date when these events allegedly took place, Cardenas was

---

* The appellees notified this court that they were never served with process in the district court and would not be participating in this appeal, which thus has been submitted without a brief from the appellees. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a)(2).

a prisoner at the Stateville Correctional Center in Joliet, Illinois. Cardenas alleged that guards confiscated from his cell a compact disc player and "religious" compact disks which he had purchased at the prison commissary. On April 18, 1997, Cardenas filed a grievance over the confiscation, and the grievance officer determined that the property was contraband. The grievance officer acknowledged that CD players had been sold in the prison commissary, but noted that such sales were discontinued upon determination that they violated a prison rule restricting the kind of personal property inmates were permitted to keep. The grievance officer also noted that the previous warden had allowed inmates to keep commissary-purchased CD players in their cells, but that this practice had been discontinued by the current warden. The grievance officer gave Cardenas the option of either mailing his CD player and disks at prison expense to a designated person or having the designated person pick up the items at the prison. Cardenas appealed the determination within the Illinois Department of Corrections ("IDOC"), and his appeal was denied on March 20, 1998.

On December 15, 1999, Cardenas filed a complaint under 42 U.S.C. § 1983, alleging that the confiscation of his CD player and disks violated his rights to due process, equal protection, and freedom of religion because it did not relate to prison security concerns and served no legitimate penal objective, particularly because the prison itself had sold him the items. The court dismissed the complaint *sua sponte* under 28 U.S.C. § 1915(e)(2), concluding that Cardenas failed to state a claim because he was afforded "a meaningful opportunity to be heard on the issue of whether [the] property is contraband," and because prison officials had allowed him to mail his property out of the prison. Moreover, the court concluded, Cardenas's claims were barred under Illinois' statute of limitations because the events of which he complains took place more than two years before he filed his complaint.

On appeal, Cardenas contends that the district court erred in concluding that he failed to state a claim because the court did not liberally construe his allegations. He also contends that the two-year statute of limitations should have been tolled while he was exhausting his administrative remedies. Our review is de novo, and we view Cardenas's allegations in the light most favorable to him, drawing all inferences in his favor. *Bober v. Glaxco Wellcome PLC*, 246 F.3d 934, 938 (7th Cir.2001).

Regarding the limitations issue, in Illinois a two-year statute of limitations applies to claims brought under § 1983. *See Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir.2001). Cardenas did not file his complaint until December 15, 1999, and thus his complaint apparently was time-barred because more than two years had elapsed since the prison incident (on April 9, 1997). Without tolling, Cardenas's suit is clearly proscribed.

But Cardenas argues that he is entitled to tolling because he was required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e, to exhaust his administrative remedies before he could file suit. *See Harris v. Hegmann*, 198 F.3d 153, 157–58 (5th Cir.1999) (explaining that 42 U.S.C. § 1997e "clearly requires a state prisoner to exhaust available administrative remedies before filing a § 1983 suit."). Though we have not decided the issue, two other circuits have held that the limitations period is tolled while a prisoner exhausts his administrative remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir.2000); *Harris*, 198 F.3d at 157–59.

We need not decide the issue, however, because we agree with the dis-

trict court that Cardenas failed to state a claim. Cardenas has no due process claim because he was afforded a meaningful opportunity to be heard, which is all that is required. *See Stewart v. McGinnis,* 5 F.3d 1031, 1035–37 (7th Cir.1993). Indeed, Cardenas did not allege that he was deprived of a meaningful review. Cardenas has no equal protection claim because he did not allege that he was treated differently than any other inmate. *See Albiero v. City of Kankakee,* 246 F.3d 927, 932 (7th Cir.2001). Finally, Cardenas has no First Amendment freedom of religion claim because he did not allege how the confiscation of his property restricted his exercise of his religious beliefs. *See Alston v. De-Bruyn,* 13 F.3d 1036, 1040 (7th Cir.1994).

AFFIRMED.