**Samuel Everette ALDRIDGE,
Plaintiff–Appellant,**

v.

**Cliff GILL; Bill Adams; Richard M. Buurman, M.D.; Danny Orazone, Judge Executive; John Does, Defendants–Appellees.**

No. 01–5347.

United States Court of Appeals, Sixth Circuit.

Dec. 6, 2001.

Before MERRITT, CLAY, and GILMAN, Circuit Judges.

Pro se Kentucky prisoner Samuel Everett Aldridge appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit as barred by the applicable statute of limitations. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In a complaint signed on January 18, 2000, and filed in the district court on January.24, 2000, Aldridge claimed that the defendants violated his civil rights while he was imprisoned at the McCracken County Regional Jail. The magistrate judge found that Aldridge was transferred out of the McCracken facility and to a different prison on January 29, 1999. The magistrate judge—applying Kentucky's one-year statute of limitations—concluded that Aldridge's suit was timely filed only as to claims that accrued at the McCraken facility between January 24 and January 29, 1999. The magistrate judge went on to conclude that the two claims that may have occurred within this period actually accrued at a date earlier than January 24, 1999, and that the entire suit should therefore be dismissed as untimely. Over Aldridge's timely objections, the district court adopted the finding of the magistrate judge and dismissed the suit as untimely.

We vacate the judgment of the district court and remand the case for reconsidera-

tion in the light of *Houston v. Lack*, 487 U.S. 266, 267, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) and *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir.2000).

The "mailbox rule" of *Houston v. Lack* applies to the filing of § 1983 suits under the applicable, state statute of limitations. *See, e.g., Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir.1995) (collecting cases).

Upon remand, the court should also determine whether our recent decision in *Brown*, 209 F.3d at 596 (tolling the applicable statute of limitations during the time a prisoner exhausts administrative remedies under 42 U.S.C. § 1997(e)), has an effect on the propriety of the dismissal as time-barred.

Accordingly, the district court's judgment is vacated and the case is remanded for further proceedings consistent with this decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.