Samuel E. ALDRIDGE, Plaintiff–
Appellant,

v.

Cliff GILL, et al., Defendants–
Appellees.

No. 02–5263.

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2002.

Before DAUGHTREY, GILMAN, and
GIBSON,* Circuit Judges.

---

## ORDER

Samuel E. Aldridge, a pro se Kentucky prisoner, appeals a district court judgment entered in favor of the defendants after remand by this court. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Aldridge filed a prisoner civil rights suit pursuant to 42 U.S.C. § 1983 against the Judge Executive of McCracken County, Kentucky, as well as several prison officials at the McCracken County Regional Jail. The complaint was dated January 18, 2000, and was stamped "filed" by the district court on January 24, 2000. In the complaint, Aldridge asserted that: 1) the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment; 2) the defendants violated his right of access to the courts in violation of the First Amendment; 3) he was housed in a segregation cell for fourteen months without reason and in violation of the Fourteenth Amendment; and 4) he was kept at the jail in excess of the state statutory time limit before being trans-

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

ferred to a state prison on January 29, 1999. The district court, in its initial screening, dismissed the Judge Executive as a defendant for lack of personal involvement and thereafter referred the matter to a magistrate judge to conduct pretrial proceedings. The magistrate judge recommended dismissing the action as untimely because the claims had accrued more than a year before the filing of the complaint on January 24, 2000. Over Aldridge's objections, the district court adopted the magistrate judge's report in full.

On appeal, this court vacated the district court's judgment and remanded the action for consideration of the effect of the "mailbox rule," *see Houston v. Lack*, 487 U.S. 266, 267, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), on the computation of the limitations period and whether any pursuit of administrative remedies had tolled the statute of limitations, *see Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir.2000). On remand, the district court sua sponte dismissed the action, reasoning that Aldridge had not alleged pursuit of administrative remedies and that the complaint was still untimely even if deemed to be filed as of the date of Aldridge's signature. Aldridge has filed a timely appeal, reasserting his tolling argument.

Initially, we note that Aldridge does not challenge the district court's order concerning the "mailbox rule." Thus, this court will not review that portion of the order.

However, we conclude that the action should again be remanded for consideration of whether any pursuit of administrative remedies had tolled the statute of limitations.

The Prison Litigation Reform Act of 1995 requires a prisoner to exhaust "such administrative remedies *as are available*" before filing a federal lawsuit challenging prison conditions, even if the prisoner is seeking monetary damages. *See* 42 U.S.C. § 1997e(a) (emphasis added); *Booth v. Churner*, 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir.1999); *Wright v. Morris*, 111 F.3d 414, 417 (6th Cir.1997). The prisoner must allege and demonstrate that he has exhausted all available administrative remedies and should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000); *Wyatt*, 193 F.3d at 878; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Any applicable statute of limitations is tolled during the time the prisoner pursues administrative remedies. *Morgan*, 209 F.3d at 596.

Issues remain unresolved concerning Aldridge's exhaustion of administrative remedies. The first is whether any administrative remedies were "available" at the McCracken County Jail. In his complaint, Aldridge alleged that he was "never informed that there was a grievance process" and that he instead "continually verbally complained to the officials at the McCracken County Regional Jail yet [his] complaint went unanswered for the entire (14) fourteen months [he] was incarcerated there." The defendants summarily denied that the jail lacked a grievance process, without explaining what the process was, and the district court has never resolved this disputed fact. On remand, the district court is instructed to determine whether jail regulations provided for a grievance process and, if so, whether the grievance process was available as a practical matter in light of the severe deficiencies then existing at the jail. It is noted that those

deficiencies prompted an investigation by the United States Department of Justice and a settlement agreement.

The district court should also consider whether the statute of limitations was tolled while Aldridge allegedly sought administrative relief from the jail and from the United States Department of Justice. In the objections to the magistrate judge's report, Aldridge had also stated:

> In this case, Plaintiff sought every avenue of administrative relief. Plaintiff wrote letters to everyone he thought might be of help in relieving his onerous conditions of confinement. Eventually, Plaintiff was successful in convincing the federal civil rights division to investigate his allegations. In November, 1998 and January, 1999, Mr. Lee toured the MCRJ to investigate the deplorable conditions there... Mr. Lee confirmed that the complaints were meritorious.... However, Mr. Lee did not get his report filed until October 19, 1999.... For that reason, until at least October 19, 1999, Plaintiff's attempts to redress the violations and deprivations were still in the administrative stage and the running of the statutory limitation should not begin until at least October 20, 1999.

On remand, the district court found, without discussion of Aldridge's allegations of exhaustion in the complaint and in his objections, that "Plaintiff made no allegation that he has sought any administrative remedy, and, as such, this case must be dismissed." Thus, the district court did not reach the issue of tolling and should do so on remand.

Accordingly, the district court's judgment is affirmed in part, vacated in part, and remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.