**Edward REESE, Plaintiff–Appellant,**

v.

**David G. GORCYCA, Defendant–Appellee.**

**No. 02–1751.**

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2003.

Before RYAN, BATCHELDER, and LAY,* Circuit Judges.

*ORDER*

Edward Reese, a Michigan resident proceeding pro se, appeals the district court order dismissing his civil rights claim filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Reese, who was incarcerated in the Oakland County, Michigan, jail when he filed his complaint, sued David G. Gorcyca, a prosecuting attorney. Reese alleged that he had been in the county jail for fourteen months and was being denied a speedy trial and the effective assistance of counsel. He sought injunctive relief. The district court granted Reese in forma pauperis status, screened the complaint, and dismissed the complaint for failure to state

---

* The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

a claim. *See* 28 U.S.C. § 1915A(b)(1). The court held that Reese could not seek habeas relief in a § 1983 complaint.

In his timely appeal, Reese argues that his claim of ineffective assistance of counsel addresses his conditions of confinement.

This court reviews de novo a judgment dismissing a suit under 28 U.S.C. § 1915A. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir.2000). The Prison Litigation Reform Act requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Upon review, we conclude that the district court properly dismissed Reese's complaint. In general, a state prisoner does not state a cognizable claim under § 1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Schilling v. White*, 58 F.3d 1081, 1085–86 (6th Cir.1995). Moreover, "the concerns of *Heck* apply preconviction as well as post-conviction." *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir.1999). Thus, "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999).

Reese's § 1983 action is barred by *Heck*. Reese alleged that he was denied a speedy trial and the effective assistance of counsel while being held in a county jail on pending drug charges. The district court emphasized Reese's speedy trial claim, while on appeal Reese emphasizes the alleged ineffectiveness of his appointed attorneys. Reese's claims are barred in any event because a judgment in his favor would necessarily imply the invalidity of any conviction or sentence that might result from the pending charges. *See Beck*, 195 F.3d at 557. Reese can bring a § 1983 claim only if the charges against him are dismissed, or if he is convicted and has the conviction set aside. Until that time, any § 1983 action is premature.

Accepting all of Reese's factual allegations as true, he can prove no set of facts in support of his claim which would entitle him to relief. *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993). For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.