Gary M. NORTHINGTON,
Plaintiff–Appellant,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.
Defendants–Appellees.

No. 02–2529.

United States Court of Appeals,
Sixth Circuit.

Aug. 15, 2003.

Before GILMAN and GIBBONS,
Circuit Judges; and JORDAN, District
Judge.*

## ORDER

Pro se Michigan prisoner Gary M.
Northington, a frequent litigator, appeals a
district court judgment that dismissed his
consolidated 42 U.S.C. § 1983 suits and a
district court order that denied his timely
motion to alter or amend the judgment.
The case has been referred to this panel
pursuant to Rule 34(j)(1), Rules of the
Sixth Circuit. We unanimously agree that
oral argument is not needed. Fed. R.App.
P. 34(a).

Proceeding *in forma pauperis*, North-
ington filed complaints claiming multiple
civil rights violations by multiple defen-
dants employed by the Michigan Depart-
ment of Corrections. Although both
complaints are fifty pages long, neither
contains an explanation of how adminis-
trative remedies were exhausted. There
are no grievance documents attached to
the complaint in case number 01–72428,
and the complaint in case number 02–
71847 contains only one grievance docu-
ment, which concerns an alleged denial of

---

* The Honorable Leon Jordan, United States
District Judge for the Eastern District of Ten-
nessee, sitting by designation.

toothpaste and Northington's precarious periodontal health.

The cases were consolidated by district court order.

After a flurry of attempts by Northington to amend his complaint to cure his failure to exhaust and to stave off the defendants' statute-of-limitations defense, the magistrate judge recommended that the district court dismiss Northington's suit under the three-year Michigan statute of limitations applicable to civil rights suits and because Northington failed to exhaust the claims he had raised. Over Northington's timely objections, the district court adopted the findings of the magistrate judge and dismissed the consolidated actions. The court also denied Northington's motion to alter or amend the judgment.

In his timely appeal, Northington has filed lengthy initial and reply briefs in which he argues, *inter alia,* that exhaustion is unconstitutional and does not apply to him and that the district court erred in dismissing his complaints as untimely because extraneous circumstances prevented his timely filing. Both parties have filed briefs.

As an initial matter, we note that because Northington has abused the Court's process, the United States Supreme Court has recently barred its clerk from accepting any further non-criminal petitions from Northington unless Northington pays the filing fee and complies with Sup. Ct. R. 33.1. *See Northington v. Michigan Dep't of Corr.,* —— U.S. ——, 123 S.Ct. 1575, 155 L.Ed.2d 308 (March 24, 2003). In addition, we also note that Northington's appellate contentions concerning the constitutionality and applicability of the exhaustion requirement are not new to this court. In *Northington v. Deforest,* No. 99–1791, 2000 WL 659260 (6th Cir. May 11, 2000) ("*Northington I*"), we af-firmed a district court judgment that dismissed a suit that is a near duplicate of 01–72428 for failure to exhaust administrative remedies under 42 U.S.C. § 1997e. Northington's rails against § 1997e are meritless for the same reasons stated in *Northington I,* and they are barred by the law-of-the-case doctrine.

We review de novo the district court's dismissal of a civil rights action for failure to exhaust administrative remedies. *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir. 2001).

The district court properly dismissed the complaints for lack of exhaustion. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies *before* filing a § 1983 action in federal court, *see Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *See id.* at 1104. To show exhaustion, a prisoner/complainant should attach the decision containing the administrative disposition of his grievance to the complaint, or in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000); *Brown,* 139 F.3d at 1104.

When a prisoner fails to exhaust his administrative remedies before filing a civil rights complaint in federal court, dismissal of the complaint is appropriate. During the course of this litigation, the district court allowed Northington multiple opportunities to amend his complaint and show that he had exhausted his remedies or that the statute of limitations did not bar his claims. Despite the district court's indulgence, Northington failed to satisfy these requirements. Just before the district court issued its final judgment, we clarified that a litigant may not satisfy the

exhaustion requirement of § 1997e through amendment of his complaint; exhaustion must be shown at the outset of filing. *See Baxter v. Rose,* 305 F.3d 486, 488 (6th Cir.2002). It cannot be disputed that Northington again failed to meet this requirement, just as he did in *Northington I.* It also cannot be seriously argued that *Northington I,* a legal proceeding, served as a substitute for administrative exhaustion.

█ In his complaints, Northington averred that it was futile for him to exhaust administrative remedies because the entire Michigan Department of Corrections was biased against him for filing suits. We have made it clear, however, that a litigant cannot claim that it was futile for him to exhaust his administrative remedies without first seeking all available avenues of relief. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999). Following the district court's dismissal of judgment in *Northington I,* Northington had the option of initiating exhaustion, receiving a tolling to the statute of limitations under this court's decision in *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir.2000) (tolling Kentucky's limitations period during exhaustion), and then filing his complaint anew. *See Baxter,* 305 F.3d at 489. He chose to disregard this path, and instead he relied upon the relation-back principle of Fed.R.Civ.P. 15 to the date of February 11, 1999, when Northington filed his first, infirm complaint. This was not permissible under this court's body of law concerning exhaustion, and *Baxter* has clarified that Rule 15 does not trump § 1997e in this circumstance. *Baxter,* 305 F.3d at 489 n. 3.

Because we conclude that Northington filed his suit without exhausting his administrative remedies, we affirm the district court's judgment for this reason alone. *See Russ' Kwik Car Wash, Inc. v. Mara-*

*thon Petroleum Co.,* 772 F.2d 214, 216 (6th Cir.1985) (this court may affirm a district court's decision, if correct, for any reason). It is not necessary to reach the merits of Northington's statute-of-limitations arguments.

For these reasons, we AFFIRM the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit. Northington's miscellaneous motions are DENIED as moot.