**Reginald WILSON, Plaintiff–Appellant,**

v.

**UNITED STATES of America; Federal Bureau of Prisons, through U.S. Department of Justice; Warden, Federal Correctional Institution, Manchester, Kentucky; Phyllis J. Nelson; Linda C. Fletcher; Jane Doe, Federal Officers/Officials 1–25; Phillip A. Kramer; Stuart J. O'Hare, Defendants–Appellees.**

No. 03–6042.

United States Court of Appeals, Sixth Circuit.

March 10, 2004.

Before SILER, MOORE, and SUTTON, Circuit Judges.

*ORDER*

Reginald Wilson, a federal prisoner proceeding pro se, appeals the district court order denying his motion to reconsider the order that dismissed his civil rights action filed pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680, and the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking $7.3 million in a fee-paid complaint, Wilson sued the United States, the Bureau of Prisons (BOP), the Department of Justice (DOJ), the warden of the prison where he is incarcerated, probation officers, a private attorney, and other individuals. Wilson alleged that he was unlawfully incarcerated for twenty-four months because the defendants refused to follow the sentencing judge's order that reduced his sentence from seventy to forty-six months. He claimed that the defendants violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth Amendments. The district court screened the complaint and dismissed it without prejudice for failure to exhaust administrative remedies. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(a). The court also denied Wilson's motion for reconsideration.

On appeal, Wilson argues that the district court erred by dismissing his case because he exhausted his administrative remedies.

We review de novo a judgment dismissing a suit under 28 U.S.C. § 1915A. *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir.2000). The Prison Litigation Reform Act (PLRA) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *Benson v. O'Brian,* 179 F.3d 1014, 1016 (6th Cir.1999).

Upon review, we affirm the district court's decision for the reasons stated by the district court. The PLRA requires prisoners bringing actions concerning prison conditions under 42 U.S.C. § 1983 or other federal law to exhaust all available administrative remedies before suing in federal court. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The prisoner must demonstrate that he has exhausted all available administrative remedies by attaching the decision containing the administrative disposition of his grievance to the complaint. In the absence of written documentation, the prisoner should describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir. 2000).

The district court properly held that Wilson failed to demonstrate that he exhausted his administrative remedies before filing his complaint. Claimants seeking to bring an action under the FTCA against the United States for money damages must first present the claim to the appropriate agency and have the claim finally denied by the agency. 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993). To raise a *Bivens* claim, a federal prisoner must first raise his grievance through the BOP's Administrative Remedy Program. *See* 28 C.F.R. §§ 542.10, *et seq.* In this case, Wilson presented no evidence that he filed a grievance with the BOP and he did not demonstrate that he had completed the necessary steps under the FTCA. He attached to his complaint a copy of a Form 95 that he said he filed with the DOJ in Washington, D.C. The form bore no indication that it had been received by the DOJ, Wilson did not provide any proof that the DOJ had denied his claim, and he did not describe with specificity any administrative proceeding or its outcome. *See Knuckles El,* 215 F.3d at 642. Thus, Wilson failed to meet his burden of proving that he had exhausted his remedies at the time he filed his complaint. *See Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

Wilson's motion for reconsideration, his amended motion for reconsideration, and

his arguments on appeal are without merit. Wilson maintains that documents that he submitted to the district court after the court dismissed his case prove that he exhausted his remedies under the FTCA. Wilson was required to submit all such documents or describe the outcome of the administrative proceedings when he filed his complaint, not at some later date. *See Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir.2002).

For the foregoing reasons, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.