**William WATERS, Plaintiff–Appellant,**

**v.**

**Carl EVANS, Captain, Corporal and Internal Affairs Investigator at TCIP; Michael Roberts, Captain, Sergeant and Disciplinary Board Chairperson; Oneida Hensin, Employee at TCIP; James Flowers, Employee at TCIP; Jack Morgan, Warden at TCIP; Jeff Butler, Sergeant and Disciplinary Board Chairperson, Bryant Williams, Employee at TCIP; Mary Stewart, Employee at TCIP; Jim Rose, Assistant Commissioner, Tennessee Department of Correction, Defendants–Appellees.**

No. 03–6576.

United States Court of Appeals, Sixth Circuit.

Aug. 4, 2004.

Before CLAY and GILMAN, Circuit Judges; and MATIA, District Judge.*

* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

William Waters, a Tennessee state prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. Waters has filed a motion for a preliminary injunction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 14, 2000, a disciplinary panel found Waters guilty of assaulting another prisoner. For this infraction, Waters was placed in punitive segregation for 20 days, was forced to pay a five-dollar fine and was later placed in involuntary administrative segregation. The disciplinary conviction was affirmed through two levels of administrative appeal. On June 13, 2000, Waters filed a Petition for Writ of Certiorari in the state court contending that there was no evidence that he had initiated an assault, and that the disciplinary board had ignored evidence that he was actually defending himself from a potentially deadly assault by another prisoner. After noting the state's lack of response to Water's motion for summary judgment filed on November 26, 2001, the trial court found the disciplinary board's action to be arbitrary, and reversed the conviction. The opinion was filed January 30, 2002. The Tennessee Court of Appeals affirmed in an opinion filed July 24, 2003.

According to the complaint, Waters was "retried" for the same incident on July 10, 2002, and was once again found guilty of the charge and punished. Waters alleges in his § 1983 complaint that his conviction was completely arbitrary and was unsupported by the evidence. The complaint, dated October 6, 2003, was filed October 22, 2003. The district court dismissed the complaint because it was allegedly barred by the one-year statute of limitations imposed upon civil rights claims brought in Tennessee. The dismissal was pursuant to 28 U.S.C. § 1915(e)(2). Reconsideration was denied. This appeal followed.

We review de novo a district court's decision to dismiss a suit for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). In reviewing a dismissal of a complaint for failure to state a claim, this court must accept all well-pleaded factual allegations as true. *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993) (citation omitted).

For all § 1983 actions, federal courts apply the relevant state's personal injury statute of limitations. *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The appropriate statute of limitations for personal injury actions arising in Tennessee is one year from the date the cause of action accrues. Tenn.Code Ann. § 28–3–104(a)(3) "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids,* 842 F.2d 903, 905 (6th Cir.1988).

The Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999). This language unambiguously requires exhaustion as a mandatory

threshold requirement in prison litigation. Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust "such administrative remedies as are available."

*Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir.2000). For this reason, the statute of limitations which applied to Waters's civil rights action was tolled for the period during which his available state remedies were being exhausted. *See Harris v. Hegmann*, 198 F.3d 153, 157–59 (5th Cir.1999).

Waters exhausted his administrative remedies through the prison grievance system but he also sought judicial review by way of a petition for a writ of certiorari. The Chancery Court ordered that the writ be granted "on the grounds that the respondent acted arbitrarily, capriciously and in a manner unsupported by the evidence in light of the entire record," and ordered the reversal of Waters's disciplinary conviction. While the case was pending in the Tennessee Court of Appeals, Waters was apparently retried for the same incident on July 10, 2002, and was once again found guilty of the charge and punished. The Tennessee Court of Appeals ultimately affirmed the Chancery Court's decision on July 24, 2003.

The issue here focuses on whether the exhaustion of Waters's state court remedies ended on July 10, 2002, when he was again found guilty, or whether exhaustion ended on July 24, 2003, when the Tennessee Court of Appeals affirmed the state trial court's original decision granting Waters's petition for a writ of certiorari. Since § 1997e precludes a state prisoner from filing suit while the administrative complaint is pending, *see Brown*, 209 F.3d at 596; *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir.1998), the statute of limitations that applied to Waters's civil rights action was tolled for the period during which his available state remedies were

being exhausted. *See Brown*, 209 F.3d at 596. Exhaustion, therefore, ended on July 24, 2003, when the Tennessee Court of Appeals affirmed the state trial court's original decision granting relief to Waters. Thus, the complaint, dated October 6, 2003 and filed October 22, 2003, is timely.

Therefore, the motion for a preliminary injunction is denied, the district court's judgment is vacated, and the case is remanded to that court for such other proceedings as may be necessary. Rule 34(j)(2)(C), Rules of the Sixth Circuit.