ALD-115                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4046
_____

THOMAS W. THOMPSON,
                              Appellant

v.

DAVID W. PITKINS; DANIEL P. BURNS; JOHN S. PAUL;
TIMOTHY PLEACHER; ELIZABETH NIGHTINGALE;
JACK LOUGHRY; DORINA VARNER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:12-cv-00166)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 7, 2013

Before: SLOVITER, VANASKIE and HARDIMAN, Circuit Judges

(Opinion file: February 22, 2013)
_____

OPINION
_____

PER CURIAM

        Thomas W. Thompson, an inmate currently incarcerated at SCI Laurel Highlands

in Somerset, Pennsylvania and proceeding pro se, appeals from an order of the United

States District Court for the Western District of Pennsylvania dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. For the reasons discussed below, we will summarily affirm in part, vacate in part, and remand for further proceedings. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In 2009, Thompson was transferred from SCI Somerset, a Level Three prison, to SCI Laurel Highlands, a Level Two prison. In April 2010, he requested an incentive-based transfer to another Department of Corrections ("DOC") facility. Thompson's request was denied based upon the finding that he had only been housed at a Level Two facility for five months. He submitted a grievance challenging the denial and was subsequently placed into a high-intensity violence prevention program. Thompson's grievance was denied based upon his refusal to participate in the high-intensity violence prevention program. He appealed the denial; however, his appeal was returned to him by the mailroom and ultimately denied as untimely.

In August 2010, Thompson filed his civil rights complaint pursuant to 42 U.S.C. § 1983 with the District Court. In his complaint, he alleges that Appellees retaliated against him by denying his transfer request because of his use of the inmate grievance system. He also asserts that Appellees violated his due process rights by not providing a fair process under DOC policy to apply for an incentive-based transfer and receive fair grievance proceedings. On September 5, 2012, a Magistrate Judge recommended dismissal of Thompson's suit for failure to state a claim. On September 24, 2012, the

2

District Court adopted the recommendation and dismissed Thompson's complaint without leave to amend. Thompson timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint "must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by [Fed. R. Civ. P. 8].'" Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

As an initial matter, the District Court correctly dismissed Thompson's due process claims. First, Thompson alleged that officials violated his due process rights by denying him the opportunity to receive an incentive-based transfer. However, prisoners have no liberty interest arising from the Due Process Clause in a particular place of confinement. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983). Thompson has alleged nothing that might make the denial of his request actionable under the circumstances presented.

Second, Thompson alleged that officials violated his due process rights by denying him a fair process in the adjudication of his various grievances. However, Thompson has not demonstrated that the process used amounted to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472,

3

484 (1995); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (noting that prisoners do not have a constitutional right to prison grievance procedures); Hoover v. Watson, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd, 74 F.3d 1226 (3d Cir. 1995) (same); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (same). Accordingly, Appellees' alleged misapplication of these procedures is not independently actionable.

However, we cannot agree with the District Court that Thompson's complaint failed to state "sufficient factual matter" to support the plausibility of his retaliation claim. Ashcroft, 556 U.S. at 678. In Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), we explained that "[a] prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Thompson's allegation that prison officials violated his First Amendment right to present grievances by denying his petition requesting an incentive-based transfer might state a claim for retaliation. See Gomez v. Randle, 680 F.3d 859, 866-67 (7th Cir. 2012) (determining that the plaintiff's complaint was prematurely dismissed because he had properly asserted a claim for retaliation for alleged violations of his right to use the prison grievance system).

Furthermore, while the District Court did not mention the statute of limitations, the Magistrate Judge noted that Thompson's retaliation claim was untimely under the applicable limitations period. Thompson's claim is governed by 42 Pa. Cons. Stat. Ann. § 5524(2), Pennsylvania's two-year statute of limitations for tort actions. See Ahmed v.

4

Dragovich, 297 F.3d 201, 206 (3d Cir. 2002). Because exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act, the statute of limitations applicable to § 1983 actions may be tolled while a prisoner exhausts. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000). Ordinarily, the statute of limitations is an affirmative defense which must be pleaded and which is subject to waiver. See Chainey v. Street, 523 F.3d 200, 209 (3d Cir. 2008). Furthermore, a district court "may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard." Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (3d Cir. 2009) (citing Abbas v. Lt. Dixon, 480 F.3d 636, 640 (2d Cir. 2007)).

It appears that Thompson had the opportunity to respond to the limitations issue because he addressed it in his objections to the Magistrate Judge's Report and Recommendation. However, we note that it is unclear from the face of the complaint whether the limitations period would bar Thompson's retaliation claim. Under federal law, a § 1983 claim accrues "when the plaintiff has a complete and present cause of action." Wallace v. Kato, 549 U.S. 384, 388 (2007) (citations omitted). Thompson's complaint alleges that he completed the grievance process in September 2010. Furthermore, as noted above, the limitations period may be tolled while Thompson was exhausting his administrative remedies. See Brown, 422 F.3d at 942-43; Johnson, 272 F.3d at 522; Brown, 209 F.3d at 596. We express no view as to whether Thompson will

5

eventually plead a meritorious retaliation claim or whether defenses, such as the statute of limitations, will prove to be dispositive.

For the foregoing reasons, we will summarily affirm in part and vacate in part the District Court's order dismissing Thompson's complaint and remand for further proceedings consistent with this opinion. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.