GLD-127                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3203
_____

DAMONE E. FLOWERS,
                              Appellant

v.

WARDEN PERRY PHELPS; MRS. CAROLL POWELL;
CORRECTIONAL OFFICER KENNETH HEDGES
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:08-cv-00836)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 22, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: February 28, 2013)
_____

OPINION
_____

PER CURIAM

    Damone E. Flowers, a state inmate currently incarcerated at the James T. Vaughn

Correctional Center in Smyrna, Delaware and proceeding pro se, appeals from an order

of the United States District Court for the District of Delaware granting Appellees' motion for judgment on the pleadings. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

I.

In October 2002, a Delaware Superior Court convicted Flowers of first degree murder and possession of a firearm during the commission of a felony. He received life in prison without the possibility of probation or parole for the murder, and ten years for the weapons offense. The Delaware Supreme Court affirmed his conviction on August 31, 2004. See generally Flowers v. State, 858 A.2d 328 (Del. 2004).

Flowers subsequently filed a serious of post-conviction relief motions pursuant to Delaware Superior Court Criminal Rule 61. In April 2005, the Superior Court rejected his first Rule 61 motion as non-compliant under Rule 61(b)(1) because Flowers did not sign the motion. Flowers filed his second Rule 61 motion, supported by a 133-page handwritten memorandum, on May 3, 2005. The Superior Court denied this motion without prejudice because Flowers failed to set his claims out in summary fashion as required by Rule 61(b)(2). On September 20, 2005, Flowers filed his third Rule 61 motion. The Superior Court denied this motion as procedurally barred on December 13, 2005, because his claims had already been adjudicated, and the Delaware Supreme Court dismissed his appeal as untimely on April 4, 2006. See Flowers v. State, 897 A.2d 767 (Del. 2006) (table).

2

Flowers filed a habeas petition pursuant to 28 U.S.C. § 2254 on May 24, 2006. The District Court dismissed his petition as time-barred, noting that he did not qualify for either statutory or equitable tolling. We denied Flowers' application for a certificate of appealability on April 15, 2009. See Flowers v. Phelps, No. 08-4157.

In November 2008, Flowers filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Appellees violated his First Amendment right to access the courts by failing to deliver his notice of appeal of the denial of his third Rule 61 motion in a timely manner. He seeks injunctive and declaratory relief to declare: (1) the prison mailbox policy is unconstitutional; (2) a separate state prisoner "mailbox rule" equivalent to the one in Fed. R. App. P. 4(c); (3) the prison caused him actual harm; and (4) state prison personnel are the same as court personnel for purposes of mail delivery. Appellees filed

a motion for judgment on the pleadings on December 8, 2011, which the District Court granted on July 9, 2012.[1] Flowers timely filed this appeal.[2]

---

[1] The District Court granted Appellees' motion for judgment on the pleadings on the basis that Flowers' claims were time-barred. We agree with the District Court that Flowers' § 1983 claims are subject to Delaware's two-year statute of limitations on personal injury actions. Johnson v. Cullen, 925 F. Supp. 244, 248 (D. Del. 1996); see also Del. Code Ann. tit. 10, § 8119; Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (a § 1983 complaint is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims"). We also agree that because exhaustion of prison administrative remedies is mandatory under the Prison Litigation Reform Act ("PLRA"), the statute of limitations applicable to § 1983 actions may be tolled while a prisoner exhausts. See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000). After applying tolling, the District Court determined that Flowers' complaint, filed on November 7, 2008, was filed seven days after the limitations period had expired on October 31, 2008. However, the record indicates that Flowers attempted to appeal Phelps' denial of his grievance, but erroneously appealed to the Commissioner rather than the Bureau Chief. If the time from November 17, 2006 until the receipt of the Commissioner's decision were to be included in the period tolled, Flowers' complaint could likely be timely filed. Furthermore, given his erroneous appeal to the Commissioner, it is uncertain whether he actually exhausted his administrative remedies for the purposes of the PLRA. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (noting that a prisoner must comply with all administrative requirements); see also Jones v. Bock, 549 U.S. 199, 218 (2007) ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Given this uncertainty, we have chosen to address the substance of Flowers' claims rather than analyze the District Court's application of the limitations period.

[2] Flowers filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(a) & (b)(1) on July 17, 2012, which the District Court denied on October 23, 2012. Accordingly, Flowers' notice of appeal became effective as to the District Court's July 9, 2012 order as of that date. See Fed. R. App. P. 4(a)(4)(B)(i). However, we lack jurisdiction over the District Court's subsequent denial of Flowers' motion for relief from judgment, which Flowers has not separately appealed. See Fed. R. App. P. 4(a)(4)(B)(ii).

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We exercise plenary review over a district court's order granting a motion for judgment on the pleadings, Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005), and will affirm only if "the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law," id. at 220.

III.

In his complaint, Flowers names Warden Phelps as a defendant, asserting that he was the "moving force" behind the harm because of his failure to correct the allegedly deficient outgoing legal mail system after becoming acting warden in 2007. However, liability under § 1983 cannot be premised on the theory of respondeat superior; instead, each individual defendant "'must have personal involvement in the alleged wrongdoing.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)); see also Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Here, Flowers' complaint fails to establish that he personally directed the alleged violation or had actual knowledge of the alleged violation and acquiesced to it at the time it occurred.

To establish a cognizable access to the courts claim, a prisoner must demonstrate that he has suffered an actual injury to his ability to present a nonfrivolous, arguable claim. Lewis v. Casey, 518 U.S. 343, 350 (1996); see also Christopher v. Harbury, 536

5

U.S. 403, 415 (2002); <u>Monroe v. Beard</u>, 536 F.3d 198, 205-06 (3d Cir. 2008) (noting that the complainant "must describe the underlying arguable claim well enough to show that it is 'more than mere hope'"). Moreover, the claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement. <u>Lewis</u>, 518 U.S. at 355 ("Impairment of any *other* litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration."). Furthermore, a prisoner must demonstrate that no other remedy will potentially compensate for the lost claim. <u>Monroe</u>, 536 F.3d at 205.

Here, Flowers alleges that the alleged delay in mailing his notice of appeal of his third Rule 61 motion to the Delaware Supreme Court caused him to lose the opportunity to pursue collateral attacks of his conviction in both state and federal court. Specifically, the untimely notice of appeal precluded Flowers from challenging the Superior Court's decision that his third Rule 61 motion was procedurally barred; however, his complaint fails to allege that these claims were not previously adjudicated. <u>See</u> <u>Christopher</u>, 536 U.S. at 415.

Flowers also asks the Court to determine that he was entitled to statutory or equitable tolling for the period between January 8, 2006 (when he placed his notice of appeal in the prison system for mailing) and April 4, 2006 (when the Delaware Supreme Court denied his appeal as untimely) for purposes of his § 2254 petition. Flowers appears to be attempting to use § 1983 to "appeal" the dismissal of his § 2254 petition as time-barred, which he cannot do. <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 87-88 (2005) (Scalia,

J., concurring) ("[A] prisoner who wishes to challenge the length of his confinement, but who cannot obtain federal habeas relief because of the statute of limitations . . ., cannot use the unavailability of federal habeas relief in his individual case as grounds for proceeding under § 1983."). Furthermore, Flowers' request is forestalled under the doctrine of issue preclusion, which requires the following four factors: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006).

Here, the issue of Flowers' entitlement to statutory and equitable tolling for that time period was previously and actually litigated, as both the District Court and this Court determined that he was not entitled to either type of tolling. See Flowers v. Phelps, No. 08-4157 (3d Cir. Apr. 15, 2009); Flowers v. Phelps, No. 06-356-GMS, 2008 WL 4377704, at *3-7 (D. Del. Sept. 22, 2008). This determination was necessary to the decision of whether Flowers' § 2254 petition was untimely under AEDPA's one-year statute of limitations. Finally, it is irrelevant that Phelps is the only defendant who is the same, as the doctrine still applies to Flowers, who was previously involved in the

7

litigation of his § 2254 petition and for whom there was an adverse finding. Accordingly, the District Court properly granted Appellees' motion for judgment on the pleadings.[3]

Finally, Flowers asks for the creation of a state "mailbox rule" equivalent to the one found in Fed. R. App. P. 4(c).[4] However, federal courts lack the authority and jurisdiction to grant this requested relief, and we note that state courts are not "lower courts" from the perspective of a federal Court of Appeals. See In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981). Furthermore, the Delaware Supreme Court has already determined that "the prison mailbox rule is inappropriate for Delaware," Carr v. State, 554 A.2d 778, 779 (Del. 1989), and any cognizable challenge to that ruling must be filed in Delaware's state courts.

## IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] Furthermore, Flowers' complaint fails to allege whether the underlying claims contained in his § 2254 petition are nonfrivolous or arguable. See Christopher, 536 U.S. at 415.

[4] This rule states that an inmate's notice of appeal in a civil or criminal case is "timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1); see also Houston v. Lack, 487 U.s. 266, 276 (1988).